UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIAMAK MORTEZAPOUR,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security; EMILIO T. GONZALEZ, Director, United States Citizenship and Immigration Services; PETER D. KEISLER, Acting Attorney General; ALFONSO AGUILAR, Chief; United States Citizenship and Immigration Services; ROSEMARY MELVILLE, District Director United States Citizenship and Immigration Services; and ROBERT S. MUELLER, Director of Federal Bureau of Investigation;<br><br>    Defendants. | No. C 07-4264 BZ<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

## I. INTRODUCTION

Before me is Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff has failed to state a claim under the Administrative Procedures Act (APA) or the Mandamus Act. Having read and considered the arguments presented by the parties in the papers submitted to the Court, I find this matter appropriate for resolution without a hearing and GRANT Defendants' Motion to Dismiss.

## II. BACKGROUND

On July 21, 2006, Plaintiff Siamak Mortezapour filed an Application for Naturalization (N-400) with United States Citizenship Immigration Services (CIS). CIS has requested and is still awaiting the results of a Federal Bureau of Investigations (FBI) name check investigation. CIS has refused to schedule an examination interview or to further adjudicate Plaintiff's application until results are received from the FBI. Plaintiff commenced this lawsuit on August 20, 2007.

## III. DISCUSSION

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal

Order
C 07-4264 BZ

sufficiency of a claim. Navarro v. Block, 250 F.3d 729, 732 (9th Cir.2001). Under Rule 12(b)(6), a motion to dismiss should be granted only if plaintiff's complaint fails to set forth facts sufficient to establish a plausible right of recovery. *See Bell Atlantic Corp. v. Twombly*, ___U.S.___, ___, 127 S.Ct. 1955, 1974 (2007). For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir.1994); *see also Mitan v. Feeney*, 2007 WL 2068106, at *9 (C.D.Cal.) (discussing the post- *Twombly* standard).

Plaintiff seeks mandamus relief in the form of an order compelling CIS to schedule him for an interview and to fully adjudicate his application for naturalization. However, CIS has refrained from adjudicating his application, including scheduling an examination interview, because CIS is prohibited from doing so by statute. Public Law No. 105-119, 1997 HR 2267 provides, "none of the funds appropriated or otherwise made available to [CIS] shall be used to complete adjudication of an application for naturalization unless [CIS] has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed ...."

Under the APA, a court may compel an administrative agency to perform an action that has been "unlawfully withheld" by that agency. 5 U.S.C. § 706(1). Similarly, under the Mandamus Act, a court may compel performance of "a duty owed to the plaintiff." 28 U.S.C. § 1361. A court cannot compel an agency to take an action it is not lawfully required to take. *Norton v. So. Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004). In this case, not only is CIS not legally required to adjudicate an application before receiving results from the FBI background check, it is also explicitly prohibited from doing so by statute. Because the FBI has not completed the requisite background check in this case, the Court cannot order the relief Plaintiff seeks against CIS.

Moreover, courts in this District have recognized that since March 1, 2003, the Department of Homeland Security has been the agency responsible for implementing the Immigration and Nationality Act, not the FBI. *See* 6 U.S.C. §§ 271(b)(5), 557; *Clayton v. Chertoff, et al.*, No. C 07-02781-CW, 2007 WL 2904049, at 13 (N.D. Cal. Oct 1, 2007); *Konchitsky v. Chertoff*, No. C-07-00294 RMW, 2007 WL 2070325, at *6 (N.D. Cal. July 13, 2007). Therefore, this Court has no jurisdiction to compel the FBI to complete the background check more expeditiously.

1
IV. CONCLUSION

2
For the reasons discussed above, Defendants' motion to dismiss is GRANTED.

3

4
Date:

5
BERNARD ZIMMERMAN
United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order
C 07-4264 BZ                                    3