SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7124
FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIAMAK MORTEZAPOUR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security; EMILIO T. GONZALEZ, Director, United States Citizenship and Immigration Services; PETER D. KEISLER, Acting Attorney General; ALFONSO AGUILAR, Chief; United States Citizenship and Immigration Services; ROSEMARY MELVILLE, District Director United States Citizenship and Immigration Services; and ROBERT S. MUELLER, Director of Federal Bureau of Investigation;<br><br>　　　　Defendants. | No. C 07-4264 BZ<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date:　December 5, 2007<br>Time:　　　　　10:00 a.m. |

　　Plaintiff has filed a mandamus action asking this Court to direct Defendants to examine and adjudicate his application for naturalization to become a United States citizen.  Plaintiff has properly not invoked 8 U.S.C. § 1447(b) because Citizenship and Immigration Services (CIS) has not yet conducted an interview much less an examination of Plaintiff and his application.  *See United States v. Hovsepian*, 359 F.3d 1144, 1159-64 (9th Cir. 2004).

　　Plaintiff asserts, however, that this Court may order CIS to adjudicate his application and that the Court may order FBI to complete its investigation by a certain deadline.  Plaintiff completely

Defendants' Reply in Support of Motion to Dismiss
C 07-4264 BZ　　　　　　　　　　　　　　　1

1  ignores that CIS has refrained from adjudicating his application, including scheduling an
2  examination interview, because CIS is prohibited from doing so by statute.  Again, Public Law No.
3  105-119, 1997 HR 2267 provides, "none of the funds appropriated or otherwise made available to
4  [CIS] shall be used to complete adjudication of an application for naturalization unless [CIS] has
5  received confirmation from the Federal Bureau of Investigation that a full criminal background
6  check has been completed . . . ."; *see also* 8 C.F.R. § 335.2 ("The Service will
7  notify applicants for naturalization to appear before a Service officer for initial
8  examination on the naturalization application only after the Service has received a
9  definitive response from [FBI] that a full criminal background check of an applicant has
10 been completed").

11      In support of his assertion that the Court may order CIS to adjudicate his naturalization
12 application, Plaintiff does not argue that the CIS's statutory prohibition from adjudicating
13 applications for naturalization is unconstitutional, and he does not otherwise identify the source of
14 the Court's authority to order CIS to take action that Congress has prohibited.

15     In support of his assertion that the Court may and should order FBI to complete its
16 investigation and CIS should adjudicate the application for naturalization by a date certain,
17 Plaintiff relies upon the APA and 28 U.S.C. § 1361 (mandamus).  However, the FBI's
18 investigation is not an administrative action that is required by statute or regulation, and FBI is
19 under no statutory or other obligation to complete the investigation within a particular period of
20 time.  The "only agency action that can be compelled under the APA is action legally required."
21 *Norton v. So. Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004).  Likewise, mandamus is an
22 "extraordinary remedy" available only to compel a "clear, nondiscretionary duty." *Pittston Coal*
23 *Group v. Sebben*, 488 U.S. 105, 121 (1988); *see also Wang Yi Chao v. Gonzales,* 2007 WL
24 3022548, *3 (N.D.Cal. Oct 15, 2007) ("Plaintiff has not identified any statute or regulation
25 establishing a nondiscretionary duty on the part of the FBI to process name checks for adjustment
26 of status applications"); *Elsayed v. Gonzalez,* 2007 WL 2792453 (D.Colo. Sept. 25, 2007)
27 ("almost every court to have considered the issue of jurisdiction to compel the FBI to perform a
28 name check has found a lack of the same"), *citing Liu v. Chertoff,* 2007 WL 2435157 (D.Or. Aug.

Defendants' Reply in Support of Motion to Dismiss
C 07-4264 BZ                                              2

1  29, 2007); *Konchitsky v. Chertoff,* 2007 WL 2070325 (N.D.Cal. July 13, 2007); *Eldeeb v. Chertoff,*
2  2007 WL 2209231 (M.D. Fla. July 30, 2007); *Antonishin v. Keisler,* 2007 WL 2788841 (N.D.Ill.
3  Sept. 20, 2007); *Sozanski v. Chertoff*, No. 06-cv-0993 (N.D. Tex. Dec. 11, 2006) (holding that
4  Federal district courts lack jurisdiction to compel the FBI to perform name checks in adjustment of
5  status cases); *Shalabi v. Gonzales*, No. 4:06CV866 RWS, 2006 WL 3032413, at *5 (E.D. Mo. Oct.
6  23, 2006) ("There is no statute or regulation which imposes a deadline for the FBI to complete a
7  criminal background check").[1]

8  Again, there is no legal basis for the Court to exercise subject matter jurisdiction over this
9  action to compel Defendants to proceed with the naturalization interview and complete
10 adjudication of his application. Defendants are precluded from proceeding with an applicant
11 interview (generally considered the final step in the naturalization examination process), as
12 requested by Plaintiff, until completion of the FBI background investigation. 8 C.F.R. § 335.2(b).
13 Moreover, other statutory provisions surrounding naturalization such as 8 U.S.C. § 1421(c) only
14 permits judicial review after CIS has denied an application for naturalization and 8 U.S.C. §
15 1447(b) permits judicial review only after the examination is complete. Neither event has yet to
16 occur to empower this Court to review Plaintiff's naturalization application or compel Defendants
17 to afford him an examination interview.

18 In sum, the totality of the circumstances fails to demonstrate the type of extraordinary
19 circumstances which warrant mandamus relief. *See Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th
20 Cir.2003). The manner in which background investigations are conducted are the types of
21 discretionary functions not properly the subject of mandamus actions. Accordingly, the Court
22 should grant Defendants' motion to dismiss Plaintiff's complaint.

23 DATED: November 16, 2007          SCOTT N. SCHOOLS
                                    United States Attorney
24

25                                  _____/s/_____  ____
                                    ILA C. DEISS
26                                  Assistant United States Attorney
                                    Attorneys for Defendants
27

28
        [1]

Defendants' Reply in Support of Motion to Dismiss
C 07-4264 BZ                                       3