UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAIMAK MORETAZPOUR, | ) | |
| Plaintiff(s), | ) | No. C 07-4264 BZ |
| v. | ) | **ORDER DENYING MOTION TO DISMISS** |
| MICHAEL CHERTOFF, et al., | ) | |
| Defendant(s). | ) | |

On August 20, 2007, plaintiff filed a complaint seeking an order requiring defendants[1] to expeditiously complete the security check on his application for naturalization; requiring USCIS to process his naturalization application to conclusion; and seeking attorneys fees.[2] The complaint asserts jurisdiction principally under the Mandamus Act, 28

---

[1] Named defendants are Michael Chertoff, Secretary, Department of Homeland Security; Emilio T. Gonzalez, Director, United States Citizenship and Immigration Services ("USCIS"); Michael B. Mukasey, Attorney General; Alfonso Aguilar, Chief, USCIS; Rosemary Melville, District Director, USCIS; and Robert Mueller, Director of Federal Bureau of Investigation ("FBI").

[2] All parties have consented to my jurisdiction pursuant to 28 U.S.C. § 636(c) for all proceedings, including entry of final judgment.

1

U.S.C. section 1361[3] and the Administrative Procedures Act, "APA" 5 U.S.C. section 702, *et seq.*[4] These acts essentially provide avenues for relief to a plaintiff who has been denied an administrative action which a government defendant is legally required to take.

Plaintiff, an electrical engineer who is a citizen of Iran, contends that defendants are legally required to process his naturalization application in a reasonable time. His complaint alleges that on July 21, 2006, he filed an application for naturalization which remains pending with the USCIS. Plaintiff is not aware of further action taken toward processing his application since August 15, 2006. When plaintiff inquired regarding the delay in adjudicating his application, USCIS responded that his application was delayed by the background check. He alleges he does not have a criminal record and attached two law enforcement documents

---

[3] A court has jurisdiction, "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus is appropriate when a plaintiff has "no alternative [or] adequate remedy" and the defendant owes him a "clear non-discretionary duty." Id.; see Heckler v. Ringer, 466 U.S. 602, 616-17 (1984).

[4] Under the APA, "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action withing the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The APA requires agencies to act within a "reasonable time" on matters presented to it. 5 U.S.C. § 555(b). Courts have the authority to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, the Supreme Court has "limited that authority to compelling ministerial, non-discretionary actions-actions the agency is legally *required* to take." Ajmal v. Mueller 2007 WL 2071873 at *2 (E.D. Pa.) *citing* Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 63 (2004).

2

which support his allegations. Based on what defendants have told him, he believes that "the FBI name check appears to be the only reason for delay" of his naturalization application. His urgency is due, in part, to his desire to get his wife out of Iran.

Defendants argue that the complaint should be dismissed for failure to state a claim because plaintiff has no legal right to have his application processed within a reasonable time.[5] Defendants contend that because USCIS does not have the authority to process plaintiff's application until after the FBI conducts a criminal background check, this court cannot now order USCIS to complete the naturalization application. Defendants also argue that the FBI does not have a clear, non-discretionary duty to complete a criminal background check within a particular period of time. Both arguments fail.

Taking the second argument first, I conclude that the FBI has a mandatory duty to complete its background check within a reasonable time even though that duty is not expressly stated in a statute. Such a duty must follow from the 1997 funding legislation and the implementing regulations which injected

---

[5] A motion to dismiss under Rule 12(b)(6) should be granted only if plaintiff's complaint fails to set forth facts sufficient to establish a plausible right of recovery. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). For the purposes of a motion to dismiss, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. Everest & Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994); see also Mitan v. Feeney, 2007 WL 2068106 at *9 (C.D. Cal.) (discussing the post-Twombly standard).

1    the FBI into the naturalization process by requiring that the
2    FBI conduct a full criminal background check of a
3    naturalization applicant before the USCIS can complete its
4    adjudication of the application.  Pub.L. 105-119, 111 Stat.
5    2440, 2448 - 49, Tit. I, Nov. 26, 1997.[6]  This requirement is
6    codified in 8 C.F.R. § 335.2(b).  Other regulations require
7    applicants to submit their fees to USCIS, which in turn
8    provides a portion of the fees to the FBI to complete the
9    fingerprint and name checks.  8 C.F.R § 334.2; 72 Fed.Reg.
10   4888, 4889 (proposed Feb. 1, 2007) (proposing increased fees
11   for applicants based, in part, to "costs due to the FBI for
12   background checks").  "[W]here Congress has conditioned CIS's
13   mandatory action on the FBI's completion of background checks,
14   and where applicants must pay the FBI, through CIS, to
15   complete the background checks, the Court holds that Congress
16   has, by implication, imposed on the FBI a mandatory duty to
17   complete the background checks."  Kaplan v. Chertoff, 481
18   F.Supp.2d 370, 401 (E.D. Pa.); see also Al Daraji v. Monica,
19   2007 WL 2994608 at *3 - *5 (E.D. Pa.).[7]

---

[6] "[N]one of the funds appropriated or otherwise made available to the [INS] shall be used to complete adjudication of an application for naturalization unless the [INS] has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed."

[7] Many of the cases defendants rely on to support their contention that the FBI does not have a duty to complete a background check within a reasonable period of time are inapplicable.  They involve applications for I-485 permanent residency, in which the FBI's involvement in conducting the background check arises by contract, not by statute.  Liu v. Chertoff, 2007 WL 2435157 at *1 (D. Ore.); Konchitsky v. Chertoff, 2007 WL 2070325 at *1, *6 (N.D. Cal.); Eldeeb v. Chertoff, 2007 WL 2209231 at *1, *21 - *22 (M.D. Fla.); Sozanski v. Chertoff, 2006 WL 4516968 at *1 (N.D. Tex.).  To

4

To hold otherwise could result in the indefinite suspension of a naturalization application adjudication should the FBI fail to complete the requisite criminal background check, which would violate the APA.  It would also defeat Congress's purpose in requiring the background check. If there is no time frame attached to it, a failure to complete the check would mean that applicants who should be rejected because of their criminal background, would be allowed to stay in the U.S. for long periods of time, while applicants who should be approved because they have no criminal background, are denied citizenship. Ahmadi v. Chertoff, 2007 WL 3022573 at *5 (N.D. Cal.)  As one court has noted, "it appears clear from a number of Congressional enactments that Congress has imposed a mandatory duty on the FBI to perform background checks" for naturalization applicants. Kaplan, 481 F.Supp.2d at 400.  Accordingly, the motion to dismiss the FBI is **DENIED.**

Turning to the USCIS, numerous courts have held that the UCSIS is the primary agency responsible for processing naturalization applications and that its duty to process a naturalization application is mandatory.[8]  See e.g. Kaplan,

---

the extent cases such as Shalabi v. Gonzales, 2006 WL 3032413 at * 5 (E.D. Mo.) and Antonishin v. Keisler, 2007 WL 2788841 at *6 - *7 (N.D. Ill.) hold that the FBI does not have a mandatory duty to complete a background check, I respectfully disagree with them and they are not binding on me.

[8]   After an individual has filed a naturalization application, Title 8 states that a USCIS service officer **shall** conduct an examination of the applicant.  8 U.S.C. § 1446(b); 8 C.F.R. § 335.2(a).  The examiner **shall** determine whether to grant the application.  8 U.S.C. § 1446(d).  If the examiner

5

481 F.Supp.2d at 399.  Once the FBI completes its criminal background investigation, the USCIS has a mandatory duty to complete the adjudication of the application.  The complaint alleges that based on what plaintiff has been told, he "believes" and it "appears" that the delay in the adjudication of his naturalization application is because of the FBI's failure to complete the name check.  On a motion to dismiss, viewing the facts in light most favorable to plaintiff, it is not clear as a matter of law that he may not have a plausible right of recovery against USCIS.  Again, one court has noted that USCIS "simply does not possess unfettered discretion to regulate aliens to a state of limbo, leaving them to languish there indefinitely."  Kaplan, 481 F.Supp.2d at 399-400.

Because defendants have a mandatory duty to adjudicate the naturalization application within a reasonable time, including the examination and criminal background check, defendants' motion to dismiss is **DENIED**.  Defendants shall answer by **December 21, 2007.**

Dated: December 5, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\Mortezapour v. Chertoff\ORDER.DENYING.MOTION.DISMISS3.BZ VERSION.wpd

---

fails to make the determination within 120 days of the examination, the applicant may seek judicial relief.  8 U.S.C. § 1447(b).

6