Geri N. Kahn (CSB #148536)
400 Montgomery Street, Suite 810
San Francisco, CA 94104
Tel. (415) 397-5446
Fax (925) 889-4379
Email: gkahn@pacbell.net

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Siamak MORTEZAPOUR,   Plaintiff,   vs.  Michael Chertoff, Secretary, Department of Homeland Security; Emilio T. Gonzalez, Director, United States Citizenship and Immigration Services; Alberto Gonzales, Attorney General; Alfonso Aguilar, Chief; United States Citizenship and Immigration Services; Rosemary Melville, District Director United States Citizenship and Immigration Services; and Robert Mueller, Director of Federal Bureau of Investigation.   Defendants. | Case No.: 07 4264 BZ  **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**  Hearing Date: March 19, 2008  Time:  10:00 a.m. |

## NOTICE OF MOTION

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

   NOTICE IS HEREBY GIVEN that this matter may be heard before the Honorable Judge Bernard Zimmerman, located at 450 Golden Gate Avenue, 15th Floor, Courtroom G, San Francisco, CA 94102, the above referenced Plaintiff will and hereby move the court for summary

judgment on the ground that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

## MOTION

Plaintiff Siamak Mortezapour hereby moves this Court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This motion is based on this Notice, the points and authorities in support of this motion, the complaint and documents previously submitted and those attached thereto and upon such other matters as may be presented to the Court at the time of the hearing.

## STATEMENT OF RELIEF SOUGHT BY PLAINTIFF

Plaintiff seeks summary judgment in this mandamus action for the Court to enter an order requiring Defendants to expeditiously complete the background check on Plaintiff's application for naturalization and requiring United States Citizenship and Immigration Services ("USCIS") to process the case to conclusion. In addition, Plaintiff prays that the Court grant such other relief that may be just and appropriate, including costs, expenses, and reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412.

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

On July 21, 2006, Siamak Mortezapour filed an application for naturalization. (Plaintiff's Complaint for Writ in the Nature of Mandamus, hereinafter "Complaint.") He has not been interviewed on his application. *Id.* At this time, the FBI background check appears to be the only reason for the delay in adjudication of Plaintiff's naturalization application. (Exhibit 5 to the Complaint.) According to the CIS processing report for December 2007 (most recent available), the San Francisco District Office is currently processing naturalization applications in seven months. (See Exhibit 1 to this Motion.) Plaintiff's naturalization application has now remained pending more than a year and five months from the date of filing.

## **ARGUMENT**

Summary judgment is appropriate because the pleadings, when viewed in the light most favorable to the nonmoving party, demonstrate that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Cleotex Crop. v. Catrett*, 477 U.S. 317 at 323, 106 S. Ct. 3548, 981 L.Ed. 2d 265 (1986).

### I.  DEFENDANTS HAVE A DUTY TO PROCESS PLAINTIFF'S NATURALIZATION APPLICATION IN A REASONABLE TIME

Plaintiff is entitled to relief under 28 U.S.C. §1361 and the Administrative Procedures Act as a matter of law. Under 28 U.S.C. §1361, district courts have original jurisdiction to compel an officer of the United States to perform his duty. Jurisdiction exists to challenge a U.S. official's authority to "take or fail to take an action as opposed to a decision taken within…discretion." *Patel v. Reno*, 134 F.3d 929, 933 (9th Cir. 1997). UCSIS has a non-discretionary duty to adjudicate naturalization applications without unreasonable delay. *Ajmal v. Mueller*, 2007 WL 2071873, *2 (E.D. PA, July 17, 2007). Further, district courts have jurisdiction to determine whether processing delays are reasonable. *Qiu v. Chertoff*, 2007 WL 1831130, *2 N.3 (N.D. Cal.June 25, 2007) (citations omitted); *Yu v. Brown*, 36 F.Supp.2d 922, 931-932 (D.N.M. 1999). As a matter of law, the duty to adjudicate includes a duty to adjudicate within a reasonable time; to find otherwise would render the right to adjudication meaningless.

Similarly, Plaintiff is entitled to relief under the Administrative Procedures Act (APA). The APA provides that federal courts can "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1). The APA imposes a clear duty on Defendants to act on plaintiff's application and authorizes federal courts to compel the defendant agency to perform its duty. Administrative agencies such as USCIS do not have discretion to "avoid discharging the duties that Congress intended them to perform." *Yu v. Brown*, 36 F.Supp.2d at 931. Further, a general timing provision for agencies is provided within the APA at 5 U.S.C.

§555(b), which states that agency action should be concluded within a reasonable time.  *See Forest Guardians v. Babbit*, 174 F.3d 1178 (10th Cir. 1999).  USCIS has a mandatory, non – discretionary duty to adjudicate these naturalization applications within a reasonable period of time.  *Kaplan v. Chertoff,* 481. F.Supp.2d 370,399 (E.D. Pa., April 16, 2007).  "CIS simply does not possess unfettered discretion to regulate aliens to a state of limbo, leaving them to languish there indefinitely."  *Id.*

## II. PLAINTIFF'S NATURALIZATION APPLICATION PRESENTS NO FACTS TO EXCUSE DEFENDANTS' DELAY IN PROCESSING HIS APPLICATION

The Supreme Court noted in *INS v. Pangilinan*, 486 U.S. 875 (1988), that a person seeking to aquire rights as a citizen "can rightfully obtain them only upon terms and conditions specified by Congress," *Id.*, at 844, quoting *United States v. Ginsberg*, 243 U.S. 472, 474 (1917).  Thus a person who has been lawfully admitted to the United States for permanent residence may become a citizen, subject to the requirement that he or she establish continuous residence in the United States in the five years preceding the filing of the application and make a showing of good moral character.  8 U.S.C. §1427(a).

The statute governing naturalization delineates a four-step process:  (1) the application; (2) an investigation and background check; (3) an "examination" or interview with USCIS; and (4) the administration of the oath of allegiance.  *See* 8 U.S. §1446(a).  Plaintiff's application has not yet progressed beyond the second phase.  While the statue provides for a cause of action against an agency that has failed to render a decision within 120 days following the examination, no time period is specified for scheduling such an examination.  *See* 8 U.S.C. §1447(b).

Where the governing statue specifies no deadline for a governmental act, the Ninth Circuit has considered the following six factors, known as the "TRAC factors" to help evaluate whether a government agency has unreasonably delayed concluding a matter before it, in

violation of the APA:  (1) the time agencies take to make the decision must be governed by a "rule of reason" (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statue, that statutory scheme may supply content for this rule of reason, (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake, (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority, (5) the court should take into account the nature and extent of the interests prejudiced by the delay, and (6) the court need not "find any impropriety lurking behind agency latitude in order to hold that agency action is unreasonably delayed." *Razaq v. Poulos,* No. 06-2461, U.S. Dist. LEXIS 770 (N.D. Cal. 2007), quoting *Indep. Mining Co., Inc. v. Babbitt*, 105 F.3d. 502, n. 7 (9th Cir. 1997).  Originally formulated to determine eligibility for relief under the APA, the TRAC factor analysis has been used regardless of whether relief is sought under the Mandamus Act or under the APA.  *Ibrahim v. Chertoff*, No. 06-2071-L May 25, 2007 U.S. Dist. LEXIS 38352.

In the present case, applying the TRAC analysis leads incontrovertibly to the conclusion that Defendants' delay of more than a year and five months in adjudicating Plaintiff's naturalization application is unreasonable as a matter of law.  The Court may look to the agency's usual processing time for the type of application at issue to determine reasonabless of delay.  *Luo v. Coultice*, 1787 F.Supp.2d 1135 (C.D. Cal. 2001).  The December 14, 2007 USCIS San Francisco District Office Processing Dates Report (most recent available) show that the San Francisco office is currently processing naturalization applications received on May 19, 2007.  (Exhibit 1 to this Motion)  Plaintiff's application was filed on July 21, 2006.  Where Defendant USCIS states that it is processing applications received in 10 months after Plaintiff's application, its unexplained delay in processing Plaintiff's application is unreasonable by its own standards. Further, the Court may consider "Congressional expectation" in determining the reasonableness

of delay.  In "The Immigration Services and Infrastructure Improvements Act of 2000," Congress stated its sense that the processing of an immigration benefit application should be completed no later than 180 days after initial application.  8 U.S.C. §1571.

Even viewing facts in the light most favorable to Defendants, the Court should find that Defendants' delay in adjudicating Plaintiff's application, without specific explanation for such delay, is unreasonable as a matter of law.  Defendant USCIS stated in its April 25, 2006 Fact Sheet that initial responses take about two weeks and no match is found in 80 percent of the cases.  Of the remaining 20 percent, most are resolved within six months.  Less than one percent remains pending after six months.  (Exhibit 2, "Immigration Security Checks – How and Why The Process Works").  Defendants have offered no information concerning why processing Plaintiff's application has deviated so far from the norm.  They have provided no information about what processing has taken place since July 21, 2006, beyond the scheduling of biometrics.  No additional information has been requested from the Plaintiff and nothing distinguishes his application as problematic.  Where processing of Plaintiff's application has been suspended on a name check clearance and Defendants have themselves stated that this procedure is ordinarily concluded within six months, the delay in completing processing of Plaintiff's application without an explanation that is particularized to Plaintiff is unreasonable as a matter of law.

Further, the Court should consider the complexity of the matter in determining what constitutes a reasonable time for adjudication.  Again, Plaintiff's case does not present itself as complex.  Defendants have not challenged Plaintiff's eligibility for naturalization in the Untied States.  They offered no evidence to show that Plaintiff's application is a particularly difficult matter, either by way of presenting issues which require further investigation or by Plaintiff's failure to provide, or delay in providing, all the information necessary to establish his eligibility for the benefit sought.  *Compare Razaq v. Poulos* 2007 WL 61884 (N.D. Cal. Jan. 8, 2007), *Saleh v. Ridge*, 367 F.Supp.2d at 511-512 (S.D.N.Y. 2005); *Bartoloni v. Ashcroft*, 226 F. Supp.

2d 350, 354 (D. Conn. 2002). Plaintiff's application presents no criminal issues. (See Exhibit 6 to Plaintiff's Complaint and Exhibit 3 to this Motion, Plaintiff's Declaration) Plaintiff has applied for and received a student visa and lawful permanent residence. (Exhibit 3 to this Motion, Plaintiff's Declaration) In short, the record provides abundant evidence that this case falls squarely within the profile of routine name check security clearances, to be completed within 180 days. Defendants have offered no evidence to explain why the required clearance for Plaintiff's application has so far exceeded this norm. Therefore Defendants' delay in adjudicating Plaintiff's application is unreasonable as a matter of law and Plaintiff is entitled to relief.

In acknowledging that delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake, this Court should consider that Plaintiff cannot vote, bring his wife to this country (in a reasonable time), and is restricted in his employment options. (See Exhibit 3 to this Motion, Plaintiff's Declaration)

Plaintiff readily concedes that national security is an important competing priority. However, the mere invocation of nationality security is insufficient to make Defendants' 17 month delay reasonable. *See Singh v. Still*, No. 06-2458 EMC 2007 U.S. Dist. LEXIS 16334, January 8, 2007 at *16. In the present case, Defendants have offered no facts whatsoever to suggest that Plaintiff's application presents national security issues. Further, the USCIS in its Ombudsman's 2007 Annual Report to Congress has questioned the value of the FBI name check process. "The Ombudsman agrees with the assessment of many case workers and supervisors at USCIS field offices and service centers that the FBI name check process has limited value to public safety or national security, especially because in almost every case the applicant is in the United States during the name check process, living or working without restriction….Delays in the name check process actually prolong an individual's presence in the United Sates while the check is pending. In this sense, the current USCIS name check policy may increase the risk to

national security by extending the time a potential criminal or terrorist remains in the country." http://www.dhs.gov/xlibrary/assets/CISOMB_Annual_Report_2007.pdf.  See USCIS Ombudsman's 2007 Report to Congress at 40.

Accordingly, while the Court should balance Plaintiff's right to the timely processing of his naturalization application against national security issues, nothing in the record shows that Plaintiff specifically poses a risk to national security or how national security interests are served by prolonged delay in the processing of his application.

Defendants have a plain duty to adjudicate Plaintiff's naturalization application within a reasonable time. *Alkenani v. Barrows*, 356 F.Supp 2d 652, 656 (N.D. Tex. 2005) ("Although immigration officials are vested with broad discretion in making the ultimate decision whether to grant or deny an application for naturalization, they have a non-discretionary duty to process the application within a reasonable time.")  *See also Mocanu v. Mueller, et al.,* 2008 WL 154606 (E.D. Pa., January 11, 2008) at *3. ("Congress certainly did not intend for the process to become tortuous, expensive, mystifying and delayed, but it has.)  What constitutes a reasonable time is a combination of quantitative and qualitative factors.  Courts have not yet issued decisions stating what constitutes an unreasonable quantitative delay in naturalization cases in which the applicants have not been interviewed.  In the adjustment of status context, one court in this district has found that a two year delay was unreasonable as a matter of law.  *Shaikh v. Gonzales*, 2007 WL 4259410 (N.D. Cal. December 3, 2007) at *3.  Other courts have found 6-24 month delays in processing adjustment of status applications to be unreasonable.  *Galvez. V. Howerton,* 503 F.Supp. 35, 39 (C.D. Cal. 1980); *Pannescu v. INS*, 76 F.Supp. 2d 896, 901-02;  *Agbemaple v. INS,* No. 97 C 8547, 1998 WL 292441, *2 (N.D. Ill. May 18, 1998); *Yu v. Brown*, 36 F.Supp.2d 922, 931-32 (D.N.M 1999).

While quantitative measures are a factor to be considered, reasonableness of delay is to be determined on a case-by-case basis, depending on the complexity of the matter or whether the

plaintiff has contributed to the delay.  However, nothing in the record shows why Plaintiff's naturalization application might be complex or otherwise justify a delay of more than a year and five months in processing.  Beyond the scheduling of biometrics, nothing in the records shows that anything has been done to advance the clearance process since July 2006.  Delay in completing the name check on Plaintiff's application has far exceeded normative processing times and yet Defendants have offered no explanation whatsoever as to why this should be so.  Responsibility for the delay rests entirely with Defendants.  They have not shown that they have made reasonable efforts to complete this naturalization application.  The Mandamus Act and the APA provide a check on USCIS for its failure to fulfill its duty to Plaintiff, namely to adjudicate his naturalization application within a reasonable time.

It is an undisputed fact that Plaintiff's naturalization application has been pending for 17 months.  It is undisputed that it is the expectation of Congress that benefit applications be completed within 180 days from submittal.  Informational material published by Defendant USCIS states that it is normative to complete the vast majority of name checks within a few weeks of submittal and all but the smallest percentage, within six months of submittal.  It is an undisputed fact that the only issue preventing Defendants from completing adjudication of Plaintiff's naturalization application is completion of his name check.  In the face of these undisputed facts, Defendants have provided no evidence whatsoever to explain the delay in processing Plaintiff's application.  Accordingly, this Court should find that, as a matter of law, Defendants have delayed unreasonably in completing Plaintiff's application.  Plaintiff has been adversely affected by the delay in adjudication of his naturalization application despite the fact that he has met the statutory requirements for eligibility.  He has been damaged by being deprived of a decision for 17 months; by being separated from his wife, and by not being eligible to pursue all job opportunities that he might otherwise be qualified to pursue.

Plaintiff has a clear right to the relief requested and Defendants have a clear duty to adjudicate his application for naturalization in a reasonable time.  Not other adequate remedy is available.  Relief under the Mandamus Act and the APA is therefore warranted.  The evidence considered in the light most favorable to the government, demonstrates, as a matter of law, that Defendants have unreasonably delayed in processing Plaintiff's application for Naturalization.

**CONCLUSION**

For the reasons set forth herein, Plaintiff respectfully request that the Court grant summary judgment in favor of the Plaintiff and that a writ of mandamus be issued against all defendants.

Dated: January 23, 2008                    Respectfully submitted,

                                                        /s/ Geri Kahn

                                                     Geri N. Kahn