JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7124
FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIAMAK MORTEZAPOUR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security; EMILIO T. GONZALEZ, Director, United States Citizenship and Immigration Services; PETER D. KEISLER, Acting Attorney General; ALFONSO AGUILAR, Chief; United States Citizenship and Immigration Services; ROSEMARY MELVILLE, District Director United States Citizenship and Immigration Services; and ROBERT S. MUELLER, Director of Federal Bureau of Investigation;<br><br>　　　　Defendants. | No. C 07-4264 BZ<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION AND CRO-SS-MOTION FOR SUMMARY JUDGMENT; AND DECLARATIONS OF JANAKI RANGASWAMY AND MICHAEL CANNON**<br><br><br>Hearing Date:　　March 19, 2008<br>Time:　　　　　　10:00 a.m. |

MEMORANDUM OF POINTS AND AUTHORITIES

I

<u>INTRODUCTION</u>

In the prayer of his Complaint, Siamak Mortezapour asks this Court to order Defendants to expeditiously complete the security check on his application for naturalization, require U.S. Citizenship and Immigration Services ("USCIS") to adjudicate his naturalization application, and

Defendants' Motion to Dismiss
C 07-4264 BZ　　　　　　　　　　　　1

award attorney's fees.[1]  Complaint, ¶ 22.  USCIS, however, is mandated by statute to await the results of the Federal Bureau of Investigation ("FBI") investigation before adjudicating Mortezapour's naturalization application.  Plaintiff has not been interviewed and this action has not been brought under 9 U.S.C. § 1447(b).  In December 2007, the Court denied Defendants' Motion to Dismiss this Complaint and set a briefing schedule for cross-motion for summary judgment.  Defendants hereby oppose Plaintiff's motion for summary judgment and cross move for summary judgment.

II

FACTUAL BACKGROUND

Plaintiff Mortezapour is a native and citizen of Iran and a lawful permanent resident of the United States since 2001.  Declaration of Janaki Rangaswamy (Rangaswamy Decl.) ¶ 3 (attached as Appendix A).  On July 21, 2006, he filed an application for naturalization to U.S. citizenship. *Id.*  On August 4, 2006, USCIS requested the FBI to conduct a name check investigation, and is awaiting the results of that investigation.  Rangaswamy Decl. ¶ 4.  The FBI received the request on August 10, 2006.  See Declaration of Micahel A. Cannon (Cannon Decl.) ¶ 42 (attached hereto as Appendix B).  On August 20, 2007, Plaintiff commenced this mandamus action.  During the pendency of his application, Plaintiff retains all of the rights and benefits of permanent resident of the United States, including the right to work and travel.  Rangaswamy Decl. ¶ 7.

III

ARGUMENT

**A. Legal Standards**

Under the APA, a court may compel an administrative agency to perform an action that has been "unlawfully withheld" by that agency. 5 U.S.C. § 706(1).  Similarly, under the Mandamus Act, a court may compel performance of "a duty owed to the plaintiff." 28 U.S.C. § 1361. A court cannot compel an agency to take an action it is not lawfully required to take. *Norton v. So. Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004).

---

[1] Should the Court grant summary judgment in Plaintiff's favor, Defendants would like the opportunity to brief the fee request pursuant to the Equal Access to Justice Act.

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue of fact is genuine only if there is sufficient evidence for a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). At the summary judgment stage, evidence must be viewed in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in the nonmovant's favor. Id. at 255.

Where the plaintiff has the ultimate burden of proof, it may prevail on a motion for summary judgment only if it affirmatively demonstrates that there is no genuine dispute as to every essential element of its claim. *River City Mkts., Inc. v. Fleming Foods W., Inc.*, 960 F.2d 1458, 1462 (9th Cir. 1992).  In contrast, where the plaintiff has the ultimate burden of proof, the defendant may prevail on a motion for summary judgment simply by pointing to the plaintiff's failure "to make a showing sufficient to establish the existence of an element essential to [the plaintiff's] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Here, both parties agree that this case can be disposed of on summary judgment.

**B. Applications for Naturalization**

By way of background, with the enactment of Section 4011 of the Immigration Act of 1990 ("IMMACT 1990"), the federal courts were stripped of their exclusive jurisdiction to entertain applications for naturalization. Pub. Law No. 101-649, 1204 Stat. 4978 (November 29, 1990). Jurisdiction to naturalize was vested exclusively in the U.S. Attorney General.  Under 8 U.S.C. § 1421, the U.S. Attorney General had the "sole authority to naturalize persons as citizens of the United States."  With the enactment of the "Homeland Security Act of 2002," Pub. Law No. 107-296, §1152(d), 116 Stat. 2135, 2310, such naturalization authority was transferred to the Secretary of Homeland Security ("DHS").  USCIS is the sub-agency of DHS which adjudicates naturalization applications.  The FBI is a sub-agency of the U.S. Department of Justice.

Under 8 U.S.C. § 1446(a), the FBI and USCIS are authorized to investigate naturalization applicants, and USCIS is authorized to adjudicate naturalization applications. In 1997, Congress

1  mandated that the FBI conduct investigations with respect to every naturalization application and

2  that USCIS await the completion of such investigations before rendering a decision on such

3  applications.  See Pub. L. No. 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448.  That provision

4  provides, in pertinent part, as follows:

> During fiscal year 1998 and each fiscal year thereafter, *none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed*, except for those exempted by regulation as of January 1, 1997.

Id. (emphasis added).

Accordingly, in 1998, the Immigration and Naturalization Service ("INS") amended 8 C.F.R. § 335.2 to require that the USCIS await the completion of the FBI investigations before conducting the initial interview of an applicant:

> § 335.2  Examination of applicant.
>
>    (a) General. Subsequent to the filing of an application for naturalization, each applicant shall appear in person before a Service officer designated to conduct examinations pursuant to §332.1 of this chapter. . . .
>    (b) Completion of criminal background checks before examination. The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed. A definitive response that a full criminal background check on an applicant has been completed includes:
>        (1) Confirmation from the Federal Bureau of Investigation that an applicant does not have an administrative or a criminal record;
>        (2) Confirmation from the Federal Bureau of Investigation that an applicant has an administrative or a criminal record; or
>        (3) Confirmation from the Federal Bureau of Investigation that two properly prepared fingerprint cards (Form FD–258) have been determined unclassifiable for the purpose of conducting a criminal background check and have been rejected.

Id., as amended by 63 F.R. 12987, 12988 (Mar. 17, 1998).

**C. Defendants from USCIS Are Prohibited By Statute from Adjudicating the Application**

Plaintiff seeks mandamus relief in the form of an order compelling USCIS to schedule him for an interview and to fully adjudicate his application for naturalization.  However, USCIS has refrained from adjudicating his application, including scheduling an examination interview, because USCIS is prohibited from doing so by statute.

USCIS is not mandated to adjudicate the naturalization application. On the contrary, USCIS is mandated *not* to adjudicate Plaintiff's naturalization application until it has received the results of

Defendants' Cross-Motion for Summary Judgment
C 07-4264 BZ                                       4

the FBI's investigation.[2]  *See* Pub. L. No. 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448; 8 C.F.R. § 335.2.  Likewise, delay in adjudicating the naturalization application may not be attributed to USCIS, and it is not "unreasonable" for USCIS to "delay" in adjudicating the naturalization application since it is statutorily mandated not to adjudicate the application.  The "only agency action that can be compelled under the APA is action legally required." *Norton*, 542 U.S. at 63.  Therefore, summary judgment should be granted in favor of Defendants from USCIS.

**D. The FBI's Delay is Reasonable As a Matter of Law**

"What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." *Gelfer v. Chertoff*, 2007 WL 902382 at *2 (N. D. Cal. March 22, 2007).  In determining whether there has been unreasonable delay in processing an application for adjustment of immigration status, courts typically look "to the source of the delay-e.g., the complexity of the investigation as well as the extent to which the defendant participated in delaying the proceeding." Singh, 470 F.Supp.2d at 1068.[3]

In this District many of the cases in which summary judgment has been granted in favor of a plaintiff seeking adjudication of an immigration benefit the delay in processing the application was due to an uncompleted FBI background check. Judges in this district have found that, under normal circumstances, a delay of over two years due to an uncompleted FBI background check is

---

[2] An in depth description of the FBI name check process is provided in the Cannon Declaration, ¶¶ 4-40.

[3] Defendants acknowledge that Congress has observed that in most instances, applications for immigration benefits should not take more than 180 days to adjudicate. 8 U.S.C. § 1571; *see also* Plaintiff's Motion at 9. However, the statute expresses a "sense of Congress," and is not a mandate. *Id.* The language in § 1571 is merely precatory, and does not impose a deadline on Defendants. *See Wright v. City of Roanoke Redevelopment and Housing*, 479 U.S. 418, 432 (1987) (statute phrased in precatory terms does not create a substantive right); *Orkin v. Taylor*, 487 F.3d 734, 739 (9th Cir. 2007) ("'Sense of Congress' provisions are precatory provisions, which do not in themselves create individual rights, or, for that matter, any enforceable law.").

Furthermore, the statute was enacted in 2000, prior to the events of September 11, 2001. See Immigration Services and Infrastructure Improvements Act of 2000, Pub. L. No. 106-313, 114 Stat. 1251 (enacted Oct. 17, 2000).  Accordingly, it no longer provides a meaningful standard against which the Court can measure the delay at issue in this case.

Defendants' Cross-Motion for Summary Judgment
C 07-4264 BZ                                        5

1  unreasonable as a matter of law. *See, e.g., Shaikh v. Gonzales*, 2007 WL 4259410 (N.D.Cal.);
2  Dong, 2007 WL 2601107 (N.D.Cal.); *Huang v. Chertoff*, 2007 WL 1831105 (N.D.Cal.). However,
3  a delay under two years has been found to be reasonable as a matter of law. *See Clayton v.*
4  *Chertoff*, et al., No. C 07-02781-CW, 2007 WL 2904049, at 13 (N.D. Cal. Oct 1, 2007). Thus, as
5  Plaintiff filed his application for naturalization in July 2006, 18 months ago, the FBI's delay is
6  reasonable as a matter of law and summary judgement should be granted for Defendants.

## IV

## CONCLUSION

Defendants from USCIS are not permitted by statute to adjudicate Plaintiff's application until they receive the results of the FBI's background check. The background check has been pending with the FBI for less than two years and, therefore, is reasonable as a matter of law. Accordingly Plaintiff's motion for summary judgement should be denied and Defendants' motion for summary judgment should be granted.

DATED: January 30, 2008

JOSEPH P. RUSSONIELLO
United States Attorney

_____/s/_____
ILA C. DEISS
Assistant United States Attorney
Attorneys for Defendants