Geri N. Kahn (CSB #148536)
400 Montgomery Street, Suite 810
San Francisco, CA 94104
Tel. (415) 397-5446
Fax (925) 889-4379
Email:  gkahn@pacbell.net

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Siamak MORTEZAPOUR,** | Case No.:  07 4264  BZ |
| **Plaintiff,** | **PLAINTIFF'S RESPONSE TO THE GOVERNMENT'S CROSS MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| **Michael Chertoff, Secretary, Department of Homeland Security; Emilio T. Gonzalez, Director, United States Citizenship and Immigration Services; Alberto Gonzales, Attorney General; Alfonso Aguilar, Chief; United States Citizenship and Immigration Services; Rosemary Melville, District Director United States Citizenship and Immigration Services; and Robert Mueller, Director of Federal Bureau of Investigation.** | Hearing Date: March 19, 2008<br>Time:              10:00 a.m. |
| **Defendants.** | |

Defendant cites to 8 C.F.R. §335.2 in support of their argument that USCIS must await the completion of the FBI investigation before conducting an interview of the applicant.  It is incorrect that USCIS requires the completion of "FBI investigations."  8 C.F.R. §352.2 specifically requires the completion of "criminal background checks" not total FBI investigations, whatever those are.  8 C.F.R. §335.2 specifically requires the FBI to confirm

whether or not the applicant has a criminal or administrative record as well as to confirm whether two properly prepared fingerprint cards were unclassifiable for the purpose of conducting a criminal check and have been rejected.[1]  8 C.F.R. §335.2 does not require CIS to wait for a "name check" in order to conduct an interview.  A "name check" is not mentioned in 8 C.F.R. §335.2.  Likewise, a "name check" is also not required by statute before proceeding with an interview.  According to the Fact Sheet submitted by both parties, USCIS conducts three security checks:  1) an IBIS Name check, 2) FBI Fingerprint Check, 3) FBI Name Check.  (See Exhibit 2 to Plaintiff's Notice of Motion and Motion for Summary Judgment.)  According to the Declaration of Janaki Rangaswamy, (Appendix A, to Defendants' Cross Motion for Summary Judgment), Plaintiff's name check remains pending.  (Declaration at p. 2)  Ms. Rangaswamy does not indicate which name check is pending but only indicates that the name check is still pending.  She also does not indicate whether the criminal checks have been done but as the Fact Sheet indicates, the results of the criminal check are sent to USCIS within 24-48 hours, USCIS should already have proof of the non-existence of Plaintiff's criminal record.  Moreover, Plaintiff has already submitted proof of the nonexistence of his criminal record shown from the California Department of Justice and the FBI.  (See Plaintiff's Complaint for Writ in the Nature of Mandamus, Exhibit 6.)   There is nothing by regulation or statue which prohibits Defendant USCIS from interviewing Plaintiff now.  Plaintiff therefore respectfully requests that Defendants be ordered to conduct an interview in Plaintiff's case and process it to adjudication.

   Defendants argue that the FBI's delay is reasonable because courts in the northern district have held that a delay of more than two years is an unreasonable delay.  The government argues that because the delay in Plaintiff's case has only been 18 months, the delay is reasonable.  (Defendants' opposition to Plaintiff's Motion for Summary Judgment, p. 5.)   This argument

---

[1] Fingerprint cards are no longer used as all fingerprints are taken electronically.

PLAINTIFF'S RESPONSE TO DEFENDANTS' CROSS MOTION FOR S/J,  C07 4264 BZ         2

turns the case law upside down. The cases do not hold what a reasonable delay is; only what an unreasonable delay is. Simply because two years has been held by law to be unreasonable, does not mean that by law, any amount of time under two years is reasonable. The one case in which the Court denied summary judgment dealt with an adjustment application that had been pending nine months at the time the mandamus was filed and 13 months by the date of the decision. *See Clayton v Chertoff, et al.*, No. 07-02781 – CW, 2007 WL 2904049 (N.D. Cal. October 1, 2007.) Plaintiff's case has been pending for 18 months. By the trial date set in this case, it will have been two years.

If the defendants wish to have hard and fast numbers, the numbers all lead to the conclusion that the delay is unreasonable. First, as previously discussed in Plaintiff's Motion for Summary Judgment, USCIS is processing naturalization applications within 6 months. Plaintiff's application has been pending 18 months.

Second, the fact sheet on name checks submitted by both parties indicates that less than one percent of cases subject to a FBI name check remain pending longer than six months. Defendants have failed to show why Plaintiff's name check is pending longer than six months.

Third, as previously discussed in Plaintiff's Motion for Summary Judgment, in "The Immigration Services and Infrastructure Improvements Act of 2000," Congress stated its sense that the processing of an immigration benefit application should be completed no later than 180 days after initial application. 8 U.S.C. §1571. Plaintiff's application has been pending for 565 days, well over the numbers of days Congress intended for a benefit application to be pending.

Fourth, Defendants have recently issued guidance concerning name checks in adjustment cases in a memo entitled, "Revised National Security Adjudication and Reporting Requirements," February 4, 2008. (See Exhibit 1). This memo states that as long as the IBIS check and the fingerprint checks have cleared, CIS field offices are to complete adjudication in adjustment cases if more than 180 days has passed since the name check was submitted to the

FBI. CIS therefore will no longer wait more than 180 days for name checks in adjustment cases. CIS thus considers 180 days to be the longest it will wait for a name check to be completed by the FBI. The memo states that it does not apply to naturalization cases and no reasoning is given, but the very same name check is done in both cases.

Finally, CIS announced today a proposed settlement in *Kaplan v. Chertoff*, Civil Action No. 06-5304 in U.S. District Court for the Eastern District of Pennsylvania. (The proposed settlement is attached to this response as Exhibit 2.) In adjustment or naturalization cases in which an individual is about to lose SSI, USCIS has agreed to adjudicate any case if it has been (or will be) pending more than six months without a decision. CIS therefore has the ability to adjudicate cases faster when it wants to and it considers six months to be a deadline.

By these examples CIS has indicated that a more than 180 day wait for a name check is unreasonable by their own standards. They have failed to show why their delay of 565 days is reasonable in Plaintiff's case.

The requirements of 8 U.S.C. §1446 and §1447 require USCIS to make a prompt determination on a naturalization application. CIS has a nondiscretionary duty to adjudicate naturalization applications without unreasonable delay. *Mocanu v. Miller, et al.,* 2008 WL 154606, *3 (E.D. Pa January 11, 2008), citing to *Khdir v. Gonzales, 2007* WL 3308001 (D. Colo. Nov. 6, 2007) and *Ajmal v. Mueller*, 2007 WL 2071873, *2 (E.D. Pa. July 17, 2007).

Defendants have failed to state anywhere in their materials what makes Plaintiff's case so complex , so unusual, as to require this lengthy delay. They have provided a generic 16 page declaration with the only information pertinent to Mr. Mortezapour on the second to last page. As Michael Canon states in his declaration, USCIS has submitted Mr. Mortezapour's name check twice. "The first time was on or about December 27, 2002 and was completed on April 28, 2005." The name check was performed in accordance with the procedures stated in the declaration. The second name check was received on or about August 10, 2006 and has not been

completed. (Declaration of Michael Cannon, p. 15, Appendix B, to Defendants' Cross Motion for Summary Judgment.) This information does not make sense and Plaintiff wonders if it relates to him. Plaintiff was granted permanent residence on October 15, 2001. It is therefore unclear to Plaintiff why USCIS submitted a name check on him to the FBI on December 27, 2002 if he had already been granted permanent residence. If however, Mr. Cannon's declaration is correct and the name check was completed on April 28, 2005, then Plaintiff's name has already been checked once and it cleared. A year and four months later, defendant USCIS submitted another name check on Plaintiff to the FBI. As this name check represents the second time Mr. Mortezapour's name is being checked by the FBI, pursuant to the same procedures, the process should be faster. Mr. Mortezapour has not changed his name and the FBI is using the same procedures as it used before. Mr. Mortezapour should not have to wait another three years for his name check to clear.

     Plaintiff has an uncomplicated naturalization case. He does not have a criminal record. Indeed, he is a published scientist and someone whose talents will only benefit the citizens of the United States. Defendants cannot simply point to a pending name check to establish that any delay in processing the naturalization application is reasonable. "National security checks and the complexity of the background checks process can only excuse reasonable delay. Defendants have provided no particularized facts to suggest that these concerns apply with special force to Plaintiff's application or that his name check is otherwise subject to special circumstances." *Shaikh v. Gonzales*, 2007 WL 4259410, *3 (N.D. Ca, December 3, 2007). The delay in Plaintiff's case has surpassed all time estimates for adjudication that CIS has and is unreasonable even by their own standards.

     For the reasons set forth herein, Plaintiff respectfully request that the Court grant summary judgment in favor of the Plaintiff and that a writ of mandamus be issued against all defendants.

Dated: February 6, 2008             Respectfully submitted,

                                          /s/ Geri Kahn

                                        Geri N. Kahn